**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00811-SBP

SOLTON RABAEV,

      Petitioner,

v.

JUAN BALTAZAR *et al.*,

      Respondents.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

**Susan Prose, United States Magistrate Judge**

      Before the Court is Petitioner Solton Rabaev ("Petitioner")'s Application for Writ of Habeas Corpus. ECF No. 1 ("Petition"). For the reasons outlined below, the court respectfully **GRANTS** the Petition.

## I.      BACKGROUND

      The court finds that the relevant facts here are not in dispute and provides a brief summary of those facts below. In doing so, the court draws heavily on the factual background set forth in the response to the Court's March 4, 2026 order, filed at ECF No. 11 (the "Response").

      Petitioner is a citizen of the Kyrgyz Republic, or Kyrgyzstan, who presented himself at a U.S. port of entry in early 2023. *See* Petition ¶ 1. Respondents, each sued exclusively in their official capacities, are Juan Baltazar, the Warden for the Denver Contract Detention Facility; George Valdez, the acting Denver Field Office Director for Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, the Acting Director for ICE; Markwayne Mullin, the

1

Secretary of the Department of Homeland Security; and Todd Blanche, the acting Attorney General of the United States (collectively, "Respondents").[1] *See* Petition ¶ 15.

On February 13, 2023, Petitioner was issued a notice to appear in removal proceedings that identified him as "an arriving alien." ECF No. 1-3 at 1. The Notice to Appear charged him with being inadmissible, because he was not in possession of a valid unexpired visa or other entry documents, under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 1-3 at 3. However, he was granted humanitarian parole into the United States under 8 U.S.C. § 1182(d)(5)(A) for a period that expired in February 2024. Petition ¶¶ 1-2; *see* ECF No. 1-2 at 1 ("Admit Until Date: 02/12/2024"). Just before his parole expired, he filed a Form I-589 application for asylum. Petition ¶ 4. ICE did not provide Petitioner with an extension of his parole, and thus, his parole automatically terminated on February 12, 2024. *See id*. ¶ 14.

On February 17, 2026, Petitioner was taken into ICE custody after a traffic stop in Wyoming. *Id*. ¶ 5. Respondents state that they are detaining Petitioner pursuant to 8 U.S.C. § 1225(b) pending resolution of his removal proceedings. *Id*. ¶ 7.

In his Petition, Petitioner contends, inter alia, that he should instead be detained pursuant to 8 U.S.C. § 1226(a) and that accordingly, he is entitled to be "released immediately, or in the alternative afforded a bond hearing before a neutral Immigration Judge, at which the government bears the burden to prove by clear and convincing evidence that continued detention is justified based on danger to the community or risk of flight." Prayer for Relief ¶ 3.

## II.    ANALYSIS

The court notes as an initial matter that, despite only requesting a bond hearing in the alternative to his immediate release, Petitioner offers no argument as to why his immediate release might be justified under the circumstances alleged here. Accordingly, the court denies Petitioner's request for immediate release and proceeds directly to consider the issue of whether Petitioner is entitled to a bond hearing.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Mullin, the current Secretary of the Department of Homeland Security, is substituted for former Secretary Kristi Noem, and Mr. Blanche, the current acting Attorney General of the United States, is substituted for former Attorney General Pamela Bondi in this action.

The court finds that this court's prior opinions in *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026), *Arenas v. Noem*, No. 26-cv-24-SBP, 2026 WL 317562 (D. Colo. Feb. 5, 2026), and *Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341 (D. Colo. Mar. 5, 2026), control here, as the court's analyses in these cases sufficiently address the salient points raised by Respondents. Accordingly, the court refers the parties to its analyses in *Arenas*, 2026 WL 317562, *Merchan-Pacheo*, 2026 WL 88526, and *Ekenge v. Baltazar*, 2026 WL 617341, as supplemented by the reasoning stated below, finding that the analyses provided in these cases apply equally in this matter and that accordingly, Petitioner is entitled to a bond hearing.

The court notes that Respondents cursorily argue that the court's analysis in *Merchan-Pacheo* is not applicable here because "[t]he habeas petitioner in *Merchan-Pacheo* challenged the automatic stay of an immigration judge's custody determination under 8 C.F.R. § 1003.19(i)(2), which is not at issue in this case, and *Merchan-Pacheo* did not involve the termination of parole under § 1182(d)(5)(A) or its implications for the petitioner's status as an arriving applicant for admission." Response at 9. Though the court agrees that these points represent distinctions in the underlying facts, the court disagrees that these points render the court's analysis in *Merchan-Pacheo* inapplicable. Instead, for the following reasons, and except as addressed below, the court's analysis in *Merchan-Pacheo* remains entirely apposite.

First, this court concluded in *Merchan-Pacheo* that it agreed with the "numerous decisions holding that § 1225 applies to *arriving* noncitizens seeking admission, while § 1226 applies to noncitizens like Petitioner who are already present in the United States." 2026 WL 88526 at *10. Under this court's analysis in *Merchan-Pacheo*, even though Petitioner was *initially* arrested near the border, Petitioner here is no longer an "arriving" noncitizen, but instead clearly belongs to the category of noncitizens "who are already present in the United States." *See, e.g.*, *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025) (concluding that the fact that "§ 1225(b)(1)(A)(iii)(II)'s language explicitly limit[s] mandatory detention to noncitizens who have been in the U.S. for *less than two years*" suggests that § 1225 is not meant to apply to noncitizens who have been in the U.S. for significantly longer) (collecting cases); *Zumba v. Bondi*, No. 25-cv-14626-KSH, 2025 WL 2753496, at *8

3

(D.N.J. Sept. 26, 2025) (concluding that detention authority arising from § 1225 is properly exercised at or near the port of entry, while detention authority arises from § 1226 when a noncitizen is arrested in the interior of the United States, in part because "the titles and headings of § 1225 repeatedly cabin its application to 'Inspections,' which, as petitioner convincingly argues, occur at ports of entry, their functional equivalent, or near the border").

It is undisputed that Petitioner was most recently detained in February 2026 during a traffic stop in Wyoming after initially being detained at the border in February 2023, and there is no indication or argument that he ever left the United States during the intervening period. Accordingly, Petitioner has been in the United States for significantly longer than two years. Petitioner's pending asylum application does not change the court's conclusion that § 1225 does not apply to him. The petitioner in *Merchan-Pacheo* similarly had a pending application for asylum, but this court nevertheless concluded that the *Merchan-Pacheo* petitioner was not an "applicant for admission" under § 1225 because § 1225 applies only to individuals detained at or near the border. Nor, to be clear, does Petitioner's release upon parole pursuant to § 1182(d)(5)(A) affect the analysis here, at least given the circumstances at issue; it is undisputed that Petitioner's parole expired over two years before he was re-detained, and though Respondents refer to Petitioner's former parole as a differentiating factor here, they have not addressed how the fact of Petitioner's former release on parole might change the court's ruling in this instance, where parole has long since expired.[2]

The other factor that Respondents argue differentiates the present matter from *Merchan-Pacheo*, the relevance of the automatic stay under 8 C.F.R. § 1003.19(i)(2), does not affect the outcome here either. The court acknowledges that in the process of conducting a due process analysis in *Merchan-Pacheo*, this court discussed issues specific to the automatic stay at some length. *See, e.g.*, 2026 WL 88526 at *13-16. Nonetheless, the court finds the majority of the

---

[2] The court notes that although Respondents cite *Depelian v. Baltazar*, No. 25-cv-3765-SKC-TPO (D. Colo. Jan. 20, 2026), ECF No. 18, for the proposition that "after his parole was terminated, Petitioner returned to his status of 'applicant for admission' or 'arriving alien' pursuant to statute" (cleaned up), this citation is, at best, misleading under these circumstances; the petitioner in *Depelian* was re-detained *before* his parole was terminated, so there was no intervening period between his re-detention and termination of his parole.

analysis provided therein to be highly applicable to the present circumstances as well. And regardless, this court previously rendered a highly similar analysis in a context in which the automatic stay was not implicated and nonetheless reached a substantively identical conclusion. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at \*4 (D. Colo. Mar. 5, 2026) (analyzing the three-factor test set forth in *Mathews v Eldridge*, 424 U.S. 319, 335 (1976), where a petitioner had been re-detained without a hearing after previously being paroled and concluding that the *Mathews* factors weighed "heavily" in favor of the petitioner's release). The court finds that the analysis of the *Mathews* factors set forth in *Ekenge* applies fully to the present circumstances, and accordingly, refers the parties to the analysis set forth therein while concluding that the *Mathews* factors weigh in favor of Petitioner's release here as well.

As a result, the court concludes that, as Petitioner argues, 8 U.S.C. § 1226(a) applies to his detention rather than 8 U.S.C. § 1225, and that accordingly, Petitioner is subject to discretionary rather than mandatory detention and, for the reasons stated in *Merchan-Pacheo* and the other cases referenced above, is entitled to a bond hearing. As a result, Respondents' arguments, which each rely on the premise that mandatory detention pursuant to 1225 applies to Petitioner rather than 1226, are unavailing.

Finally, Petitioner argues that Respondents should have to carry their burden at the bond hearing by "clear and convincing" evidence. Noting that Respondents offer no opposition to this assertion, the court "finds broad support for this proposition across courts nationwide and, in the absence of any opposition from Respondents, agrees with Petitioner." *Ekenge*, 2026 WL 617341 at \*8; *see also, e.g.*, *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 712 (W.D. Tex. 2025) (recognizing that "[t]he weight of authority also holds that when ordering a bond hearing as a habeas remedy, the burden of proof should be on the Government" to prove their case by clear and convincing evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 856 n.14 (2d Cir. 2020) (collecting cases). Accordingly, at the bond hearing, Respondents must carry their burden by clear and convincing evidence.

Since the court finds that it is able to grant the relief Petitioner requests on the above grounds, the court need not reach any other arguments for relief raised by Petitioner. Accordingly, Petitioner's Petition is granted.

### III.    CONCLUSION

For the foregoing reasons, the court respectfully **GRANTS** Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and orders Respondents to provide Petitioner with an individualized bond hearing pursuant to Section 1226(a) no later than seven days from the date of this Order. Respondents are also ordered to file a status report in order to certify compliance within ten days of the issuance of this Order. If Petitioner has not been provided with such a bond hearing at the time this status report is due, he shall be immediately released.

DATED: April 2, 2026                         BY THE COURT:

_____

Susan Prose
United States Magistrate Judge